DONALD H. SMITH, ELIZABETH SKIDMORE SMITH AND LOUISE SKIDMORE, PLAINTIFFS-APPELLEES, v. MONTCLAIR BROWN AND WHITE CAB COMPANY, A CORPORATION OF NEW JERSEY, AND ROBERT CHANDLER, DEFENDANTS-APPELLANTS.

Submitted October 14, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiffs-appellees, *Anthony Darrow Appice.*

For the defendants-appellants, *George F. Seymour, Jr.*

PER CURIAM.

This case arose out of a collision between a Ford coupe owned and driven by the plaintiff Donald H. Smith and a brown and white taxicab belonging to the defendant company and operated by one of its drivers. The accident occurred about eleven P. M. in Montclair. The plaintiff Donald H. Smith had with him in the coupe his wife, Elizabeth, and two others, including the plaintiff Louise Skidmore. Plaintiff, going north on Willow avenue on his right-hand side of the road, desired to turn around, and seeing a private roadway on his right, turned into it with the intention of backing out and swinging toward his left until he was faced the other way on Willow avenue, and then starting down Willow avenue toward the south. He testified that his headlights were lit, that he blew his horn before backing, and that he looked both ways and saw nothing. As he was backing out of the driveway, the defendant's taxicab also came north on Willow avenue, caught Smith's car on the right hind wheel, and damaged the car and shook up its occupants somewhat.

The court, sitting without a jury, overruled a counterclaim of negligence on Smith's part, and awarded a judgment in favor of Donald Smith of $21, Elizabeth Smith $50, and Louise Skidmore $75. An outside witness who was sworn for the plaintiff said that the taxicab was going forty miles an hour, and the driver of the taxicab said that he did not see any light.

The first ground of appeal is that the judge refused a motion to nonsuit, as no negligence was shown on the part of the appellants. We think a question of fact was raised on this point, and that the court was entitled to hold that the defendant's driver, Chandler, was negligent.

The second ground of appeal is: "That the trial judge had no right to assume at the close of plaintiffs' case that if

a car is going forty miles per hour it might be possible that the plaintiff, when he looked, did not see the approaching car of the defendant." This points to no judicial action and is futile as a ground of appeal.

The third ground of appeal is that because at the close of the defendant's case, there was evidence of contributory negligence on the part of the plaintiffs; and this also points to no judicial action.

The fourth ground of appeal is that the trial court refused a motion for a direction of the verdict. We gather from the language of this ground of appeal that this is based upon the claim that no negligence of the defendant's driver was shown, and that there was contributory negligence on the part of the plaintiffs. Both these were questions of fact within the province of the trial judge.

The fifth ground is that the only evidence of the speed of the car was the testimony of an outside witness, McCue, who saw a car being driven at forty miles an hour while he was trying to lock the front door of his house. This also points to no judicial action.

The sixth ground of appeal is that the judgment of Elizabeth Skidmore Smith is erroneous in that the testimony shows no proof of physical contact as required by law. If it appeared that this point was made in any way at the trial, it might raise a rather interesting question, notwithstanding the small amount of the judgment in her favor, $50. She testified that she was not bumped or struck, that nothing hit her, but that she was nervously wrought up and went to an osteopath for treatment. The osteopath was sworn and testified that he found Mrs. Smith nervously shocked, and that her condition might have been caused by a shock of some kind. If there were any physical injury, however slight, it would support an award based in part on mental disturbance. *Porter* v. *Delaware, Lackawanna and Western Railroad Co.*, 73 *N. J. L.* 405. In *Buchanan* v. *West Jersey Railroad Co.*, 52 *Id.* 265, and *Tuttle* v. *The Atlantic City Railroad Co.*, 66 *Id.* 327, the plaintiff was placed in a position of great danger, and was injured in escaping from that danger, and a recovery

for mental disturbance was sustained. In *Fleming* v. *Lobel,* 59 *Atl. Rep.* 28 (not officially reported), it was intimated that "night terrors," if due merely to fright because of plaintiff seeing his sister burn to death would not be a basis of recovery; and in *Ward* v. *The West Jersey Railroad Co.,* 65 *N. J. L.* 383, it was held that mere fright, even though physical suffering results, will not support an action.

For the purposes of the present case, it is sufficient to say that inasmuch as this point was in no way drawn to the attention of the court at the trial, so far as anywhere appears in the state of the case, it is not a proper ground for a reversal of the judgment, which will, accordingly, be affirmed.